IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                          **Criminal Action 2:19-cr-085**
                                                        **JUDGE JAMES L. GRAHAM**

**WAYNE HAMLER**

## REPORT AND RECOMMENDATION

Defendant Wayne Hamler is charged with and previously pleaded guilty to an *Indictment* charging him with false representation of a Social Security number in violation of 42 U.S.C. § 408(a)(7)(B). *Indictment,* ECF No. 12; *Order*, ECF No. 30. Defendant's guilty plea was initially entered in connection with a plea agreement that was executed under the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *Plea Agreement*, ECF No. 25. However, that plea agreement was rejected by the District Judge, *see Order*, ECF No. 36, and defendant was granted the opportunity to withdraw his guilty plea. *Id*. Defendant chose not to withdraw his guilty plea, and the parties have now entered into a new plea agreement, which was executed under the provisions of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. *Plea Agreement*, ECF No. 43.[1] On March 11, 2020, defendant, accompanied by his counsel, appeared to reaffirm his earlier guilty plea pursuant to the current *Plea Agreement*. Defendant once again consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with

---

[1] In the current *Plea Agreement*, defendant agrees to an order of restitution and to an appellate waiver provision that preserves only certain claims for appeal or collateral challenge. The *Plea Agreement* includes a paragraph addressing possible immigration consequences; the parties agree that defendant's guilty plea will have no immigration consequences on defendant, who was born in the United States.

1

the express consent of the defendant and where no objection to the report and recommendation is filed).

The parties agreed that, under the circumstances and because defendant reaffirmed his intention to stand on his previously entered guilty plea, a full Rule 11 colloquy with defendant was unnecessary. The undersigned reviewed with defendant his trial rights and the consequences of his guilty plea in light of the current *Plea Agreement*.

Based on defendant's appearance and responsiveness during this proceeding, the undersigned is satisfied that defendant is in full possession of his faculties, is not suffering from any apparent physical or mental illness, and is not under the influence of narcotics, other drugs, or alcohol. Defendant is competent and understands the consequences of his plea of guilty to the charge in the *Indictment*.

Defendant acknowledged that the current *Plea Agreement*, signed by him, his attorney and the attorney for the United States and filed on February 3, 2020, represents the only promises currently made by anyone regarding the charge in the *Indictment*.  Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant previously confirmed the accuracy of the statement of facts supporting the charge, which is attached to the original *Plea Agreement*.  He once again confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of that offense.

The Court once again concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore once again **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after a supplementation of the presentence investigation report.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

March 11, 2020                          *s/ Norah McCann King*
 Date                                         Norah McCann King
                                                United States Magistrate Judge